**HUFF et al., Appellees,**

v.

**ALL AMERICAN BASEMENT WATERPROOFING
AND HOME SERVICES, INC., Appellant.**

[Cite as *Huff v. All Am. Basement Waterproofing & Home
Servs. Inc.,* 190 Ohio App.3d 612, 2010-Ohio-6002.]

Court of Appeals of Ohio,
Fifth District, Ashland County.

No. 10 COA 008.

Decided Dec. 7, 2010.

</div>

Jeffrey C. Huff and Teri J. Huff, pro se.

Palacek, McIlvaine, Hoffman & Morse Co. and Thomas J. Morris, for appellant.

Wise, Judge.

{¶ 1} Appellant appeals the decision entered in the Ashland Municipal Small Claims Court finding in favor of appellees, Jeffrey and Teri Huff, and rescinding their contract with appellant, All American Basement Waterproofing and Home Services, Inc.

## STATEMENT OF THE CASE

{¶ 2} In June 2001, All American performed basement waterproofing at the home of Jeffrey and Teri Huff, who were experiencing moisture and black-mold problems in their basement. The work performed by All American included standard waterproofing installation of drain systems, as well as work on a garage door area that was causing leakage.

{¶ 3} The Huffs paid $3,500 for this work. The contract signed by the parties provided that the work had a "transferable lifetime guarantee." The contract listed all the work performed under the contract, including installing a drain and grate box under the length of the garage door. No exclusions were listed on the contract from the lifetime guarantee. A "certificate" was also separately provided to the Huffs, which stated that a lifetime guarantee was provided against leakage in the areas waterproofed by All American pursuant to the job plans. This certificate also attempted to list certain exclusions to the lifetime guarantee.

{¶ 4} The Huffs' water problems were resolved for a couple of years, but thereafter, troubles resurfaced due to problems with the drain installed along the garage door. The grate and drainpipe failed, and once again, they began having mold problems and basement flooding. The cement work also cracked. When they contacted All American, they were advised that the work was not guaranteed because it was affected by outside elements. Eventually, All American did some work to try to remedy the problems, but it was unsuccessful.

{¶ 5} On August 6, 2009, Appellees Jeffrey and Teri Huff filed a claim in Ashland Municipal Court, Small Claims Division, for $3,000 for "damages to the basement floor and walls."

{¶ 6} On October 21, 2009, the matter was heard by a magistrate.

{¶ 7} At trial, the Huffs testified that they had paid $3,500 for the entire waterproofing of the basement. They stated that they now have black mold on the walls, which was not there previously, cracked cement, and a failed drain, as well as continuous water problems. They testified that they received a verbal estimate for repair of the drain, but that it does not appear that they can be restored to the position they believed they were in, that being a lifetime-guaranteed waterproofing of their basement.

{¶ 8} It was All American's position that the area that is now causing the Huffs' problems is not covered by the lifetime guarantee because this work was done as part of the "home services" and not the basement waterproofing and, therefore, is excluded from the lifetime guarantee. All American relies upon the certificate issued after the work was done to carve out this exclusion. All American further argued that the drain is the only portion arguably guaranteed by the contract and stated that the cost of the drain replacement was only $500 to $600.

{¶ 9} On or about December 3, 2009, the magistrate issued her decision in favor of appellees and awarded them $3,000 in damages.

{¶ 10} Appellant timely filed objections to the magistrate's decision.

{¶ 11} On February 8, 2010, the trial judge adopted the decision of the magistrate.

{¶ 12} Appellant now appeals, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

{¶ 13} "I. The trial court erred as a matter of law in failing to limit the claims of the plaintiffs to the complaint.

{¶ 14} "II. The trial court erred as a matter of law in using recision [sic] as the measure of damages instead of the cost of repair as required under Ohio law.

{¶ 15} "III. The trial court erred as a matter of law in finding that the plaintiffs met their burden of proof for a claim of breach of warranty.

{¶ 16} "IV. The trial court erred as a matter of law in finding that the plaintiffs' claims were within the statute of limitations given the damage to property they claim occurred in 2001."

{¶ 17} For ease of review, we shall address some of appellant's assignments of error out of order.

### I

{¶ 18} In its first assignment of error, appellant argues that the trial court erred in not limiting appellees' claims to their complaint. We disagree.

{¶ 19} Appellant argues that appellees' complaint did not comply with the requirements set forth in R.C. 1925.04, which provides:

{¶ 20} "(A) An action is commenced in the small claims division when the plaintiff, or the plaintiff's attorney, states the amount and nature of the plaintiff's claim to the court as provided in this section * * *.

{¶ 21} "* * *

{¶ 22} "(B) The plaintiff, or the plaintiff's attorney, shall state to the administrative assistant or other official designated by the court, the plaintiff's and the defendant's place of residence, the military status of the defendant, and the nature and amount of the plaintiff's claim. The claim shall be reduced to writing in concise, nontechnical form. Such writing shall be signed by the plaintiff, or the plaintiff's attorney, under oath.

{¶ 23} "* * *"

{¶ 24} Appellant argues that appellees' claims of "damages to basement floor and walls" is akin to a claim for personal property, a tort, and not a claim for breach of warranty or breach of contract.

{¶ 25} Upon review, we find that the Small Claims Division of the Ashland Municipal Court provides a preprinted complaint form for plaintiffs to complete, which requires only the name, address, and phone number of the plaintiff and defendant, a statement of the claim, and the amount of the judgment requested. The complaint form provides three lines for the plaintiff to fill in and state the claim.

{¶ 26} In this case, appellees printed "Damages to Basement Floor and Walls" on the space provided and attached a copy of the contract thereto. Based on this document, we find that appellant was put on adequate notice that the claims being brought by appellees were based on the work provided under the contract.

{¶ 27} Based on the foregoing, we find this assignment of error not well taken.

{¶ 28} Appellant's first assignment of error is overruled.

## II

{¶ 29} In its third assignment of error, appellant argues that the trial court erred in finding that appellees had met their burden of proof on their breach-of-warranty claim. We disagree.

{¶ 30} The magistrate in the instant case found that the transferable lifetime guarantee provided to appellees by appellant, included "all work performed on the Huff's [sic] home including the garage door and drain system which has failed."

{¶ 31} We agree. As noted by the trial court, the contract signed by the parties contained a transferable, lifetime guarantee for "all·work performed," and appellant's attempt to rely on a certificate unilaterally issued subsequent to the contract is of no consequence.

{¶ 32} Appellant's third assignment of error is overruled.

## III

 {¶ 33} In its fourth and final assignment of error, appellant argues that the trial court erred in finding that appellees' claims were brought within the statute of limitations. We disagree.

{¶ 34} Appellant argues that appellees' claim for damage to personal property is barred by the two-year statute of limitations contained in R.C. 2305.10.

{¶ 35} Upon review, we find that appellees' claim falls under R.C. 1302.98(A). R.C. 1302.98(A) applies to "action[s] for breach of any contract for sale." R.C. 1302.01 further defines the scope of "contracts for sale":

{¶ 36} "As used in [R.C. 1302.01 to R.C. 1302.98], unless the context otherwise requires: * * * 'Contract' and 'agreement' are limited to those relating to the present or future sale of goods." R.C. 1302.01(A)(11). See also R.C. 1302.02 ("Unless the context otherwise requires, [R.C. 1302.01 to R.C. 1302.98, inclusive] apply to transactions in goods"). "Goods" include "all things * * * which are moveable at the time of identification to the contract for sale * * * [and] must be both existing and identified before any interest in them can pass." R.C. 1302.01(A)(8).

{¶ 37} Appellant's obligation under the contract was to repair appellees' basement, and appellant further warranted for a "lifetime" that the areas waterproofed would not leak. Consequently, the agreement between appellant and appellees was not a contract for the sale of goods within the definitions of R.C. Chapter 1302. Rather, the agreement was predominantly one for services, and any goods sold in connection with the agreement were incidental to the repair and waterproofing services. See *Allied Indus. Serv. Corp. v. Kasle Iron & Metals, Inc.* (1977), 62 Ohio App.2d 144, 147, 16 O.O.3d 303, 405 N.E.2d 307 ("[T]he test for the inclusion in or the exclusion from [R.C. Chapter 1302] sales provisions is whether the predominant factor and purpose of the contract is the rendition of services, with goods incidentally involved, or whether the contract is for the sale of goods, with labor incidentally involved").

{¶ 38} Therefore, the two-year limitations provision applicable to actions based on injury to personal property does not operate to bar appellees' claims. Rather, appellees' claim against appellant for breach of its written warranty is governed by R.C. 2305.06, which provides:

{¶ 39} "Except as provided in [R.C. 126.301 and R.C. 1302.98], an action upon a specialty or an agreement, contract, or promise in writing shall be brought within fifteen years after the cause thereof accrued." See, e.g., *Kocisko v. Charles Shutrump & Sons Co.* (1986), 21 Ohio St.3d 98, 99, 21 OBR 392, 488 N.E.2d 171 (a claim alleging breach of contract to install a roof, when the roof had been

leaking since the date of its installation, was subject to the 15–year statute of limitations set forth at R.C. 2305.06).

{¶ 40} Appellant's argument that the trial court erred in failing to apply the two-year limitations provision at R.C. 2305.10 is not well taken.

{¶ 41} Appellant's fourth assignment of error is overruled.

## IV

{¶ 42} In its second assignment of error, appellant argues that the trial court was without jurisdiction to grant rescission. We agree.

{¶ 43} R.C. 1925.02 addresses the jurisdiction of the small claims division and provides:

{¶ 44} "Except as provided in division (A)(2) of this section, a small claims division established under section 1925.01 of the Revised Code has jurisdiction in civil actions for the recovery of taxes and money only, for amounts not exceeding three thousand dollars, exclusive of interest and costs."

{¶ 45} Based on R.C. 1925.01, we find that while the small claims division of the Ashland Municipal Court has the power to award monetary damages, it does not have jurisdiction over claims for equitable relief and therefore does not have the power to rescind or cancel a contract. *Anna v. Nickles* (Apr. 5, 1989), Wayne App. No. 2411, 1989 WL 32609, *2.

{¶ 46} Appellant's second assignment of error is sustained.

{¶ 47} Based on the foregoing, we affirm the decision of the trial court in part and reverse it in part, and we remand this matter to the trial court for proceedings consistent with this opinion and with the jurisdiction of the small claims division.

> Judgment affirmed in part
> and reversed in part,
> and cause remanded.

EDWARDS, P.J., and GWIN, J., concur.