[Cite as *Small v. Stubub, Inc.*, 2016-Ohio-3438.]

STATE OF OHIO     )                IN THE COURT OF APPEALS
                      )ss:           NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT  )

| | |
|---|---|
| DEVIN SMALL, et al. | C.A. No. 27997 |
| Appellants | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| STUB HUB, et al. | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellees | CASE No. 14 CVF 8373 |

DECISION AND JOURNAL ENTRY

Dated: June 15, 2016

---

HENSAL, Judge.

{¶1} Devin Small and Robert McDowall appeal a judgment of the Akron Municipal Court, Small Claims Division that stayed their complaint pending arbitration. For the following reasons, this Court reverses.

I.

{¶2} According to Mr. Small and Mr. McDowall, in September 2014 they tried to attend a concert in New York City using tickets they had purchased from StubHub, Inc. When they arrived at the venue, however, they learned that the tickets were fraudulent. In April 2015, Mr. Small and Mr. McDowall filed a complaint against StubHub in the small claims division of the municipal court, claiming violations of the Ohio Consumer Sales Practices Act, breach of written warranty, and breach of implied warranty. They sought damages against StubHub, a declaratory judgment, and injunctive relief. Shortly thereafter, they amended their complaint to indicate that they were each seeking $3,000 in damages.

{¶3} StubHub moved to stay the proceedings pending arbitration, arguing that the parties' contract contained a valid arbitration agreement. In a footnote, StubHub argued that, although the arbitration provision allowed actions in small claims court, the municipal court lacked jurisdiction over the complaint because the complaint sought a declaratory judgment and injunctive relief. Mr. Small and Mr. McDowall subsequently moved for leave to file a second amended complaint, which would remove their request for a declaratory judgment and injunctive relief. They also opposed StubHub's motion for stay, arguing that the court would have jurisdiction over their amended complaint. The municipal court granted StubHub's motion to stay, however, concluding that Mr. Small's and Mr. McDowall's action was an attempt to circumvent its decision in a prior action. Mr. Small and Mr. McDowall have appealed, assigning three errors. We have combined the assignments of error to facilitate our consideration of the appeal.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION BY IMPLICITLY DENYING APPELLANTS' UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN SEEMINGLY TRANSFERRING THE CASE FROM THE SMALL CLAIMS DIVISION TO THE REGULAR MUNICIPAL DOCKET WITHOUT AN ORDER OF TRANSFER AND WITHOUT FOLLOWING THE PROCEDURES REQUIRED BY OHIO STATUTE AND LOCAL RULES.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN GRANTING STUBHUB'S MOTION TO STAY PROCEEDINGS PENDING ARBITRATION.

{¶4} In their appellate brief, Mr. Small and Mr. McDowall argue that the municipal court should have allowed them to amend their complaint, that it improperly transferred their case from the small claims docket to the regular docket, and that it incorrectly granted StubHub's motion to stay. In its brief, StubHub argues that, even if the municipal court had allowed Mr. Small and Mr. McDowall to amend their complaint a second time to eliminate their request for declaratory judgment and for injunctive relief, the court still would not have had subject-matter jurisdiction because it requested damages in excess of the small claims division's limit. In their reply brief, Mr. Small and Mr. McDowall have effectively abandoned their assignments of error, "agree[ing]" with StubHub that the municipal court lacked subject matter jurisdiction over their claims. They, therefore, request that this Court vacate the municipal court's judgment and dismiss their action.

{¶5} Revised Code Section 1925.02(A)(1) provides in relevant part that "a small claims division * * * has jurisdiction in civil actions for the recovery of taxes and money only, for amounts not exceeding three thousand dollars, exclusive of interest and costs." Accordingly, a small claims court does not have jurisdiction to "rule on matters of an injunctive nature" or "over claims for equitable relief[.]" *Freter v. Assn. for the Developmentally Disabled*, 10th Dist. Franklin No. 88AP-336, 1988 WL 129167, *2 (Nov. 29, 1988); *Huff v. All Am. Basement Waterproofing & Home Servs., Inc.*, 190 Ohio App.3d 612, 2010-Ohio-6002, ¶ 45 (5th Dist.).

{¶6} Under Civil Rule 12(H)(3), if "it appears by suggestion of the parties or otherwise that the court lacks jurisdiction on the subject matter, the court shall dismiss the action." The Ohio Supreme Court has applied that language strictly, indicating that a court that lacks subject matter jurisdiction may not even transfer an action to the proper court. *State ex rel. Natl. Emp. Benefit Servs., Inc. v. Court of Common Pleas of Cuyahoga County*, 49 Ohio St.3d 49, 50 (1990).

**{¶7}** Mr. Small and Mr. McDowall's first amended complaint asked the municipal court for a declaration that StubHub's acts and practices are "unfair, deceptive, and unconscionable" and asked for an injunction "restraining and enjoining" StubHub from committing certain acts. We agree with the parties that the court, therefore, did not have jurisdiction over the action and was required to dismiss it under Civil Rule 12(H)(3).

## III.

**{¶8}** The municipal court did not have jurisdiction to stay the complaint pending arbitration. The judgment of the Akron Municipal Court, Small Claims Division is vacated, and this matter is remanded so that the municipal court can enter an order dismissing the action.

Judgment vacated,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

LAURA K. MCDOWALL, Attorney at Law, for Appellants.

MICHAEL J. RUTTINGER and MICHAEL C. BRINK, Attorneys at Law, for Appellee.